This is In Re Marriage of Eric White and Cindy White, 4090942, we have for the appellant Paul Wilson and for the appellee Anna Benjamin. Please proceed. I present to the court on an issue of whether or not the trial court properly entered an order of non-reviewable maintenance. There was essentially a contested dissolution of marriage proceeding and both parties argued against the award of maintenance. I argued on behalf of Eric against an award of maintenance suggesting that a division of property would suffice. Ms. White's attorney argued for maintenance and the court in fact awarded maintenance and essentially also added in that that maintenance should be non-reviewable and non-modifiable. It is our position that that violated the court's authority. Section 510 of the Marriage and Dissolution of Marriage Act found in Chapter 750 clearly provides that an award of maintenance is in fact modifiable on a showing of change of circumstances. Excuse me. Section 502F however does provide and all of Section 502 is agreements of the parties. It provides that the court may, if the agreement so provides, make an award of permanent maintenance non-modifiable and non-reviewable. Only in the circumstance that that is agreeable. It was not in this case and I think it goes without question that it was not by agreement of the parties. Did you object to that in your motion to reconsider? No and as a matter of fact there was a motion to reconsider filed. There was an amended motion to reconsider filed. None of them were really heard except for a portion where some tension was worked out. But there was no objection if you will after the fact to the trial court making that non-modifiable and non-reviewable. Our position is that's simply beyond the court's authority. Why aren't you required to say so then as opposed to raise it now? Well there is no requirement. If a void judgment is entered it can be raised at any time collaterally or indirectly. What do you mean void? Why was it void? Well therein is a rub. The first step we have is was it a proper judgment? And the second question is if it was not a proper judgment is it then void or voidable? And that's when we get into the issue of whether or not the court had proper subject matter jurisdiction. And cases as this court is well aware have pretty much diverged. I don't think any longer counsel. I don't think there's any serious question that the court had subject matter jurisdiction. It might have been in incorrect order but that's what judges sometimes do. Well I have a submit your honor that I respectfully defer. And I think the Belvedere case has just come out from the Illinois Supreme Court in Bloomington in the poster. Wherein the court found that there was no jurisdiction in the court to enter in order without agreement that maintenance can be non-modifiable and non-reviewable. I think it was just right on point. And that's even when the people in that case, a physician and an attorney. Well the court may have said that it exceeded the authority of the court to do it. But the court clearly had jurisdiction to do it. That's not the issue. Jurisdiction I think has developed into a very amorphous thing. No it's pretty clear. It's become pretty clear. So the question is did the court have the authority to enter the order it did? No. Did the court have any authority to enter any maintenance orders at all? Yes. And that's not our dispute. Our dispute is not whether or not the court properly entered a maintenance order. But it has no authority to enter a mistaken one. It has no authority to enter an order with the conditions that it is non-modifiable and non-reviewable. Are there any circumstances under which a court could enter such an order? If there is an agreement by the parties. And that's what section 502 clearly provides. So it's a violation of a statute to enter an order saying this is non-modifiable if the parties haven't agreed. I'm sorry I didn't hear the question. If the parties haven't agreed that the maintenance should be non-modifiable then the court has violated the statute? Yes. There's no agreement. So how does that make it void? Why isn't that just a mistake? Because we've got a rather vague development ever since we had the Constitution of 1970 that imbued the circuit court with authority over all justiciable matters. But this doesn't answer my original question of why is it that you should be permitted to not raise this objection at the time and come before us years later and raise it? There is no requirement to object to a void order. Well, what about the fact... So if we don't view the order as void, you lose? Is that this case over? Could be. And if the order is... Well, if this is the dichotomy, then if we don't agree with the order as being void, then under what circumstances could you prevail? I think we would take the position, Judge, that we are not looking solely at the, if you will, traditional subject matter jurisdiction. We're looking at this development. In some cases we're saying, yes, that's still subject matter jurisdiction. Other cases we're saying, and I think Justice Romeyer has cited my decision in Gilberto out of the 2nd District, as well as this court's decisions in interpreting and considering it, raise the fact that a number of courts are saying, well, not only do we have the traditional subject matter jurisdiction, and if that's dealt with by the Constitution of 1970 in Article VI, we then have a different area of, and some have called it subject matter jurisdiction, some have called it jurisdiction, which may be even more pervasive than the traditional subject matter jurisdiction in terms of the court must also have the authority to enter a particular relief or request by a party. And I think that's been brought forth really clearly by this court in the two cited cases in ASB that Judge Schankweiler entered, and this court reversed, when he tried to terminate coronal rights in a disillusionment marriage case, and this court said, you can't do that, you don't have the jurisdiction, it can only be brought in a parentage action or an adoption action, and it wasn't. So Judge Schankweiler was reversed by this court on that, to the same effect as people in King, where Judge DeFanis from Champaign County was overruled because he simply did not have the authority to enter a particular judgment in a juvenile proceeding. So what we're looking at, I believe, is, if you will, it's not considered as a prong of traditional subject matter jurisdiction, I think we're looking at something that says this is a new and developing area that needs to be considered. What is the alternative? Because you go before a divorce court, and that judge says, I'm imbued with constitutional jurisdiction, I sentence you to death. Why can't the court do that, if we adopt the view that Cindy has taken in this case, and that is, hey, you walk into a circuit court, we can do anything we want, right, wrong, or indifferent, as long as we're attempting to interpret the law. But jurisdiction has nothing to do with the town, so it's a question of void or voidable. I don't understand why you even talk about jurisdiction. You'd say the court has no authority to issue an order under any circumstances where the death penalty could be imposed in a divorce case. So therefore, the order is void. You can't get 30 years in prison on a traffic ticket. It exceeds any authority the court might have possessed. So it's a void order. But if the court at a sentencing hearing improperly considers a factor in imposing a sentence, the sentence isn't void. It's voidable. That is, if an appeal is properly taken, then the appellate court can say, no, you considered a double enhancement, or you considered a factor that is not permitted in imposing this 20-year sentence on an armed robber in the 60- to 30-year range. But a 20-year sentence could be an appropriate sentence. The court does have authority to impose a sentence. It's not a void sentence, just like a court has authority to enter an order that maintenance shall be non-modifiable in the proper circumstances. But if the circumstances aren't appropriate before the court, then by entering that order, the court has committed error. But the order isn't void. Well, Your Honor, I think that we've cited a number of cases. Davis, Loberto, Nassaroto, Webb, King, Garden-Hulstrum. But most of that is void, because the court has far exceeded its bounds of its authority. So I believe that, in fact, it's been held to be void. And as a matter of fact, it's very interesting in terms of the development of these cases. And I think that not only Justice Myerscough and her opinions, but also the decision in Guilter-Berto have tracked this development of the law in this area. And the very interesting thing I find, at least academically, is that it would appear that everything that the petitioner in this case is relying upon, whether it's Steinbrecher, whether or not it's... Grant, and finally whether or not we're talking about... Belville decision, all of those, and I think this court acknowledged that, and I believe it's in the Nathan decision, that these are really procedural. And in the Belville-Toyota case, this came out as a question about, well, are we talking about subject matter jurisdiction, or are we talking about a statute of limitations that should be more properly used as an affirmative defense, per sentence 2619A9? I think this court recognized that. The other case, Graff, that's an annexation case for real estate. And finally, we're talking about Steinbrecher, a petition case between siblings. And in all of those cases, we were talking about procedure. I think the cases that I have cited to the court deal with more substance. In other words, did Judge DeFanis and King try to impose something substantive by tacking some ears on it? Did Judge Schankweiler in ASW or ASD take some of these parental rights impromptu? And in this case, of the same ilk, is the fact that what the trial court did here was take $4,500 a month for the rest of Fairfax's life. They're taking impromptu. What if the trial judge thought that's what the agreement was between the parties and was mistaken in so thinking? 502D requires him to put that in writing. He didn't do that. There was no agreement. I think the testimony is replete with both sides having presented evidence, with both sides having argued. Ms. White arguing for maintenance, never a mention of non-modifiable, non-reviewable. And Mr. White arguing for myself that permanent maintenance was inappropriate, it wasn't necessary, and there should be a property division to accommodate. In all of the clear blue, we get a decision from the trial court saying non-modifiable, non-reviewable. 502D says if there is an agreement, the court must specify the agreement in terms of that agreement. It didn't happen because there was no agreement. Matter of fact... And if there had been an agreement, the order would be okay? Only if it complied with 502D and it was set forth that there was an agreement and in terms of... The court would have the authority to do it had the parties agreed. I'm sorry? The court would have the authority to do it had the parties agreed. Had the parties agreed at that time, yes. You filed a petition to reconsider that order, but you didn't include the reference to the non-modifiable nature of it? We did not. So that's additionally troubling. It's not as if you didn't attack the judgment. But you didn't bother to mention the very thing that you're now here appealing? The only thing that was really changed... Why haven't you forfeited all of this, Mr. Wilson? There is no forfeiture when you can avoid judgment. So if it's not avoid judgment, you lose? John Paul Jones said I've not yet begun to fight. Well, I'm trying to understand the posture here. It seems to me that you should have forfeited this argument. You never challenged it in a timely fashion and you even filed a post-judgment motion challenging the order in which this was part. So my question is if we were to disagree with your argument that there was void, why haven't you just forfeited it? Why are we here? Why should we consider this further? Well, the court's got to make a decision. Is it void or voidable? If it's voidable, I've got my hands full. If it's void... Well, I preface it by saying let's assume we disagree with you that this was a void order. On what basis should we not conclude that you forfeited the argument you're now raising? I think there's some case law and it's embodied. I did not cite this in the brief. In a restatement, it says that if there's a forfeiture of property that's a substance, it can rise to the level of subject matter jurisdiction and render it a judgment. But I haven't argued that judge, so... Okay. Thank you. Hugh, we can hear you. Well, I seem to have run out of time, Judge, but I would simply say that it seems to me like there's a bit of a dichotomy here and it's developing, I believe, along the lines of a substantive and a procedural route. And if we take that position, the procedural route would not apply to this situation and we clearly have a substantive violation of not due process but of jurisdiction and for that reason I believe we should prevail on the case. I think it's somewhat unequivocal in support of Mr. White's position and I think our Supreme Court as recently as a few months ago, and as recently as I've asked for you to supplement with the ABN Amaral Mortgage Group McGavin decision, which again has come out and says it's a subject matter violation if you don't follow the rules of jurisdiction. And I don't think that's even in final form. I was only able to cite a Westlaw citation and I think we're still waiting for the Supreme Court on that issue, but that does nothing more than confirm what they just said in the ruling decision. So for that reason I think that we've got a very clear violation of substantive jurisdictional rights here and for that reason I think it should be sent back to the trial court to hear our petition modified. We will grant your petition to supplement. Thank you. Thank you. Ms. Benjamin? Ms. Benjamin? Good morning. May it please the Court. My name is Anna Benjamin and I represent Cindy White, the original petitioner and the appellee in this matter. Your Honors, this Court should affirm the trial court's ruling  First, I think it's important to note that there was a lengthy period between when the original judgment of dissolution of marriage was entered and when a modified judgment of dissolution was entered. That was between June of 2003 and December of 2003. And tellingly, in paragraph 31 of that modified judgment, Mr. White actually says that his motion to reconsider is withdrawn and stricken and due to equitable considerations, he waives any right he has to appeal this modified judgment. I think that's critical to note. Is it the modified judgment which contains the reference to the non-modifiability of maintenance? That's correct, Your Honor. Both the original judgment in June and the modified judgment in December both contain the same language with respect to maintenance. It's the pension plans that were changed slightly in paragraphs 22 and 23, I think, of the modified judgment. Secondly, after that modified judgment was entered, Mr. White acted in accordance with the agreement for six years. He paid maintenance, never appealed the modified judgment, never brought his motion to reconsider to the Court's attention to ask for an argument. Additionally, as both this Court and the Illinois Supreme Court have agreed, the Court gets jurisdiction by virtue of the Illinois Constitution and it does not lose that jurisdiction merely because it makes an improper decision under the statute or makes some error in law or fact or both. Well, to what extent are you arguing that somehow Mr. Wilson's client is limited because of that motion he filed? Why is that limited? Is there some kind of showing that this was some agreement between the parties or some contract or something? Why can't he just say, we withdraw? He can. I think you're referring to the motion to reconsider back in 2003. And I think what the record shows is that Mr. White filed that motion actually right after the Court's oral ruling, then withdrew his first motion so he could file one after the written order was entered. He objected to the maintenance. He objected to the amount. He objected to the pension plans. But he never, there was a six-month period in which there were status hearings and things like that, but he never called it to the Court's attention, never asked that it be heard by the Court. And then what we have as a result is this modified judgment which contains the same language, and yet it's been stipulated to. The parties also filed a stipulation to enter the modified judgment. And then here he's saying that he waives, in paragraph 31, waives any right he may have to appeal. So the reason that it's important is that the reasonable interpretation is that he made those concessions and was willing to stipulate to entry of the modified judgment because there was some negotiation. He got something he wanted with respect to the pension plans, and so he was willing to accept this judgment as it was. But the statute requires a written agreement, doesn't it? The statute, it requires either a written agreement or an oral agreement that's provided to the Court orally and then written up in a judgment. It can be either way. And so what we have here is a judgment of dissolution which resolves all the issues, and it's not substantially different than a marital settlement agreement which would do the same thing. So under the statute, you're telling us that if the attorneys at the hearing had said, Judge, this is what we've agreed to, then it appears in the written order, that would be good enough? Yes, Your Honor. I believe that happens frequently, that the parties may come in, they may have a trial setting set, and they may come in and say, We've resolved it. Here's what we've agreed to. And they provide it orally, and then one person or one party writes it up and sends it to the judge for entry. Why should we assume that there's been some sort of agreement so that this is a quid pro quo when Mr. White withdrew this objection? I think that's a reasonable interpretation of what we have in the record. And then it says in this paragraph that these are due to equitable considerations. Is that what he wrote? That's what the judgment says. That's what the modified judgment says. What did he say in withdrawing the motion? I don't know if you mean at a hearing, what did he say? When the motion was withdrawn, what accompanied it? What explanation? I'm not sure, Your Honor. All I know from the record is that the modified judgment says, Respondent's motion to reconsider is withdrawn and stricken and due to equitable considerations. He may have to appeal this modified judgment. So the court's docket entry refers to the equitable considerations? I don't think it does. Where did that language come from? You just read to me. I'm sorry, that's in the modified judgment. Okay, so that's in the court's language. Okay, yes, that's in the court's language. It's right there. And again, this was stipulated to by Mr. White. It's signed off, approved as to form by Paul Wilson. And again, there was a separate document, a stipulation, entered the same day saying, We've stipulated we're going to enter this modified judgment of dissolution. So I think to come back now and say... Did the modified judgment of dissolution that it's stipulated to contain the non-reviewability? Yes, I think that's earlier in it, but it's got the exact same language regarding maintenance that the original judgment had in June of 2003. So again, I think to come back now and ask this court to revive the judgment... But what about this as an argument? There is no requirement in the Code of Civil Procedure that the person who loses a bench proceeding must file a post-trial motion. Isn't that correct? To appeal? That's right. So they could just file a notice of appeal. Okay. So had there been no post-trial motion of any kind filed from the time the judgment was entered, Mr. Wilson could have appealed that ruling on behalf of his client, could he not? He could have. What about, does it then follow that he's not barred from raising a claim that he could have raised in a post-trial motion because he wasn't required to put in a post-trial motion in the first place? I think, I'm not sure if this answers your question, Your Honor, but I think what happened here is he failed to appeal. He failed to do anything. I think if he would have appealed at the time, maybe these cases deciding like the Bloom case would have helped him. But that didn't happen. We're seven years down the road, and he filed this motion to reconsider. But he could have filed a notice of appeal, could have appealed right away. He chose not to do so. So the argument is he forfeited that right. And he could have, after he filed this motion to reconsider, could have asked that that be heard. And if it were denied back again in 2003, then he could have appealed that decision. And again, he chose not to do so. So to come back now and ask this court to revive his right to appeal, I think is erroneous. I think it's a waste of judicial resources. And I think that the policy arguments favor the finality of judgment because of the disastrous consequences which result when voidable orders are allowed to be collaterally attacked many years later. Some of the cases that Mr. White cited originally in his brief, as I had pointed out, are based on an old interpretation of subject matter jurisdiction that applied before the amendments to the Illinois Constitution. And several cases have pointed out that we can't rely on that language anymore. That the rule now is that the Illinois trial courts have subject matter jurisdiction when there is a controversy that's ripe for adjudication. It's a controversy that's not moot, it's not hypothetical, it's definite, concrete, and the parties have adverse legal interests. So when the legislature passes a statute that requires an explicit agreement between the parties to make maintenance non-modifiable, that has no impact on the court's jurisdiction? It does not have impact on the court's jurisdiction. It has impact on the court's power to make that determination, but it's up to the party who disagrees to appeal it. It doesn't render the judgment void. It may be voidable. And it's that party's responsibility to come and either file a motion to reconsider and say, look, judge, you could not have entered this order. It's against the statute. As I understand your argument, I think you agree that this is a voidable provision in the judgment order. Well, I think that it could be. It's potentially voidable, and you would have had to appeal it. Let's assume that it is, okay, if it's voidable. Then your further argument is because it was not appealed at the first instance, you've transferred it into no longer being voidable, but it's just part of the deal and it's non-modifiable. That's right. Because this appellate court's jurisdiction is limited by timely filing a notice of appeal. So, yes, if you don't do that, if you don't file an appeal, and the court had subject-to-matter jurisdiction, then the order remains in effect between the parties. And in this case, I think there's no unconscionable result here  And instead, after six months, assumably, of negotiations, he stipulated to entry of this modified judgment, and then he said he's waiving any right to appeal it. So it's not unconscionable, and certainly there are other cases where the parties agreed to non-modifiable maintenance, and this court, after that, does not have any power to render that judgment void because the parties agreed to it. Here I think Mr. White's actions shows that there must have been some agreement because he failed to take any further steps to have the order voided or reviewed again. This was a marriage of how many years? I think it was a lengthy marriage, Your Honor, but I'm not sure exactly how many years it actually was. I realize that's not an issue here. In any event, I think that, again, if we're looking at subject matter jurisdiction, the court, the Illinois Supreme Court, that is, in Henry Marriage of Mitchell, held that once a court has acquired jurisdiction, that jurisdiction is not lost simply because of an error or impropriety in the issuing court's determination of the law. In Belleville-Toyota, that's the seminal opinion on subject matter jurisdiction. It discusses subject matter jurisdiction at length. Some of the other cases that have been cited by... Well, isn't that really kind of contrary to what Judge Kennedy, his take on this? He basically said it's non-modifiable. I can't do anything about it. I think that, yes, that is what Judge Kennedy said, and I think that's correct, and that's why Ms. White's motion to dismiss was granted. Because just looking at the petition to modify, he's not stating a claim for which relief can be granted because maintenance is non-modifiable. And at this point now, here in 2010, it's the same as if the parties had drafted that up in a marital settlement agreement. That's akin to that because of stipulations and the failure to appeal or object to the modified judgment. This court looked at subject matter jurisdiction in both N. Ray Nathan and N. Ray John. And in both cases held that the trial court had subject matter jurisdiction. And in one case, in Nathan, the issue was the failure to serve a petition for adjudication of wardship on a custodial parent, and this court properly held that the issue there was an issue of personal jurisdiction. Similarly, in John, this court held that the court did not lack subject matter jurisdiction, again, to proceed on a petition for adjudication of wardship, simply because a hearing, which was statutorily required to take place within six months of a child being removed from a home, did not happen in that time frame. And I think in that case is where this court actually stated, which I think is applicable here, in the case of Judas, respondent now cannot complain of delays she herself supported and to which she agreed. I think that applies here too. Mr. Wyatt's actions after the court's ruling, after the original judgment of dissolution, and then after the modified judgment was entered, just support that somewhere out there he was either entering negotiations or he felt comfortable enough with this agreement to say that he waived his right to appeal it. He would not appeal it. He did not move forward on his motion to reconsider. And so he's waived the right to do so now. Again, if the court made some error, if the trial court's ruling were potentially voidable, it's Mr. Wyatt's responsibility to bring that to the attention of the court by either moving forward on his motion to reconsider or filing a notice of appeal. Finally, Your Honors, the reason for the rule against collateral tax of judgments is to enforce the finality of judgments. Labeling, and I'm quoting here a brief from In re Mitchell, labeling the requirements contained in statutory causes of actions jurisdictional would permit an unwarranted and dangerous expansion of the situations in which a final judgment may be set aside on a collateral attack. Orders should be characterized as void only when there is no other alternative possible. Here, there are many other alternatives possible because we're looking at a stipulated agreement. We're looking at a stipulated modified judgment. We're looking at a situation in which the party did not bring that issue to the court's attention, neither this court nor the trial court. And Mr. Wyatt had fully the opportunity to litigate the issues in the trial court. Mr. Wyatt chose not to do so. He should not be allowed to claim error now, seven years later. If he were, obviously numerous similar orders would be subject to collateral attack, which really would be a pity because it would be a waste of judicial resources, both in the trial court level and in this court. That is essentially what Mr. Wyatt is asking. He's asking to forgive his mistake in failing to file a notice of appeal or move forward on his motion to reconsider. Was it correct that the issue of the non-modifiability did not arise for six years until he filed his petition in March 2009 to modify the award of maintenance, and you responded saying that it's non-modifiable? I think that if it was so important... My first yes is, am I correct? That's the first time it arose? Yes, that's the first time it arose. I'm sorry, I thought you were asking if that was an argument he could use that it was never... No, I just asked is that what had happened? Yes, that's what happened. He acted in accordance with the agreement, paid maintenance for six years between the time the modified judgment was entered and the time he filed a petition to modify. And the issue of the non-modifiability did not arise until you filed your motion in May 2009 as far as having that directly argued and litigated? I believe that's correct, Your Honor. This court does not have the time or ability to entertain these collateral attacks on judgments where there was obviously jurisdiction in the trial court. Allowing him to obtain a do-over in this court and then remanding back to the trial court would be a serious waste of judicial resources and would allow, again, other parties... To characterize it as a do-over I think is probably not quite accurate. The allegations in the underlying petition to modify are that he was a high earner at his place of employment. His place of employment went out of business. Hence, no salary. Correct? I think that's the allegation, yes. Right. Now, whether or not there are other jobs out there somewhere that could... We don't know because there was never an opportunity to litigate that issue. But assume there aren't any other jobs out there where he could afford to pay $54,000 a year in maintenance. All right? What are you going to do? I guess the question is, what is he going to do? And I think that the problem is that it was really his own error and his own mistake. And at the same time, again, this state has not said that non-modifiable maintenance is improper under any circumstance. It's not unconscionable. Parties can agree to it. And so if he was a high earner, then, and he maybe lost his job, well, maybe he has the earning capacity because he's got the education and experience to get another high-paying job or higher-paying job. And I don't think this court can predict what's going to happen in Mr. White's personal life. But right now... Which is exactly why maintenance is generally modifiable absent a specific agreement. Well, I think that could be the case, Your Honor. But here, again, there is essentially an agreement. I mean, the modified judgment was stipulated to, there was a separate document that was a stipulation to entry of it. So he is, Mr. White is presumed to have read this and to have understood it, and should he want to... That agreement is an active verb. I see my time has concluded. Thank you, Your Honors. Thank you, Ms. Benjamin. Mr. Wilson, rebuttal? See, agreement is a problem. Because what Judge Kennedy said is he didn't find an agreement. What he was trying to bootstrap him into was a position to say, subsequent conduct of the parties reflected an agreement. Because somebody didn't attack what we posit as a void judgment at that time. You know, there's been suggestions about negotiations and settlements. Show me the record. What did the court mean when it said, for equitable reasons, your attack was withdrawn? I'm sorry? Did you hear what Ms. Benjamin read twice about the court's order referring to, for equitable reasons, that the motion was withdrawn? Well, what we did is we reached an agreement as to setting up the pension plan, which... So the post-judgment motion was withdrawn? Yes. So the debt, for equitable reasons, referred to your agreement with regard to the pension plan? I really don't have any recollection. Sorry. In any event... Who drafted that document? I'm sorry? Who drafted that document, the amended judgment? I think Mr. Malibu did. Cindy's attorney. But, mind you, they've made much ado in their briefs about an approvalist's form. That's doing nothing more than saying, this is what Judge Jones said, as opposed to, I approve of the substance of what he did or said. What about the stipulation? What did it do? The stipulation was simply that we were not going to proceed on attacking the amount. The $4,500, that's the only thing that was mentioned in the petition to reconsider, was the amount. And quite frankly, there were many changes going on in Mr. White's life, in terms of employment, in terms of moving. And it could well have been that Judge Jones would have given him more maintenance to pay, had we presented it back to court at that point. So, unfortunately, subsequent to that time, his employer, in Detroit, will pray to the same evils many of the automotive industry persons have run into. Had the parties agreed to this and jumped through all the hoops when it was originally proposed, judge, we agree, no, not modifiable, etc., back in 2003, and everything else was the same, and you filed a motion to modify it, would Judge Kennedy's decision be correct that it was not modifiable? If there had been an agreement, I think that that's binding not only on the court, but on the parties who enter into an agreement like that. But there was no agreement. The record is replete with this font, and that was simply the trial court's determination. So the judge was mistaken at the time, and you could have appealed that, but didn't. Didn't have to. Because your sense is it's void. That's correct. And if it's not void, then why isn't your failure to appeal or challenge it binding? It may be. I think that's the same question, the same response. Okay. Well, I just want to make sure I understand your position, Counselor. Well, again, there was no agreement, and I think the cases cited, cases out of this district of the appellate court, clearly are distinguishable, that I think they follow the line of cases from Bilbo, Toyota, that basically that's a procedural hook to hang your hat on, and that Justice Bromeyer, as well as your Honor, related those things. And I believe even in the, I don't know if it was Nathan, but your other decision at that point, to add to that, Bilbo might be the chief. Thank you, Counselor. We'll take this matter under advisement and recess for a few minutes.